# Foster *v.* White.

*Application for Mandamus, by Stockholder, against Secretary and Treasurer of Private Corporation.*

1. *Right of stockholder to inspect books of private corporation.*—Under statutory provisions, enlarging and extending the common-law right, a stockholder in a private corporation has the right to examine "the books, records and papers of the corporation, at reasonable and proper times" (Code, § 1677); and this right he may exercise through an agent, or attorney in fact; nor is it necessary, when he makes application at a reasonable and proper time, that he should show a definite, legitimate purpose, or negative an unlawful or improper purpose.

2. *Same; when mandamus lies; sufficiency of petition.*—A *mandamus* lies at the suit of a stockholder in a private corporation, against the custodian of its books and papers, to enforce his statutory right to inspect and examine them; and if his petition alleges an application made at a reasonable and proper time, and its refusal, it is not necessary that it should also aver a definite legitimate purpose in making the application, or negative an improper purpose.

[Foster v. White.]

APPEAL from the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

In this case, an application was made on the 30th January, 1889, in the name of the State, on the relation of Joel White, for a *mandamus* to T. Gardner Foster, as secretary and treasurer of the Montgomery Gas-Light Company, or the Montgomery Light Company, a private corporation, requiring him to allow the relator, who was a stockholder in said corporation, to inspect and examine its books, records and papers. The petition alleged that demand for an inspection of the books, &c., was made by the petitioner, as a stockholder, through P. C. Massie, "his attorney in fact, duly and legally authorized to that end;" and that it was in all respects, as to time, place, and circumstances, "reasonable and proper, having been made during the regular office hours of said Foster, at the office of said corporation, where its books and records were kept, and at a time when they were not being used by any other person." The defendant demurred to the petition, (1) because it showed that the demand was not made by the stockholder himself, and it was not shown that he was personally incapacitated; (2) because it did not allege or show that the demand was made for any lawful purpose, nor (3) that any particular purpose or reason was specified. He also filed an answer, admitting his refusal to allow an inspection as demanded, in the absence of instructions from the president of the corporation, who was absent from the city at the time; and he set up a resolution of the board of directors, adopted after the demand and refusal in this case, instructing him to refuse an inspection of the books "to any agent of a stockholder, unless it is made apparent to him that the stockholder is physically unable to make the examination in person." The court overruled the demurrer, and granted a peremptory *mandamus;* and this judgment is here assigned as error.

J. GINDRAT WINTER, and ROQUEMORE, WHITE & LONG, for appellant, cited *Com. v. Phœnix Insurance Co.*, 105 Penn. St. 111; *Hatch v. Lake Shore R. R. Co.*, 11 Hun, 1; *Rosenfield v. Ernstein*, 46 N. J. Law, 479; *In re Devon Gr. Con. Mine*, 27 Ch. Div. (Eng.) 110; 2 Lindley on Partnership, 810; 15 Amer. & Eng. Corp. Cases, 597; 61 Ala. 310; 71 Ala. 299; 76 Ala. 49; 82 Ala. 527; 2 B. & Ad. 115; 7 Bing. 95; 8 B. & C. 375.

[Foster v. White.]

MARKS & MASSIE, *contra*, cited Code, § 1677; 18 N. Y. 6; *Brewer v. Watson*, 61 Ala. 310, and 71 Ala. 304; High on Ex. Legal Remedies, § 311; *People v. Throop*, 13 Wend. 183.

CLOPTON, J.—Section 1677 of Code, 1886, declares: "The stockholders of all private corporations have the right of access to, inspection and examination of the books, records and papers of the corporation, at reasonable and proper times." As we do not concur in the proposition, that the statute is merely declaratory of the common law, it becomes unnecessary to consider the character and extent of the right of a shareholder, in the absence of statutory regulations, to inspect and examine the books and records of the corporation of which he is a member. The statute was enacted in view of the restrictions and limitations placed by the common law upon the exercise of the right; and the purpose is to protect small and minority stockholders against the power of the majority, and against the mismanagement and faithlessness of agents and officers, by furnishing mode and opportunity to ascertain, establish and maintain their rights, and to intelligently perform their corporate duties. Its terms are clear and comprehensive, and afford narrow room for construction. It was intended to enlarge and dis-embarrass the exercise of the right, rendering it consistent and co-extensive with the stockholder's right, as a common owner of the property, books and papers of the corporation, and with the duties and obligations of the managing officers, as agents and trustees. The only express limitation is, that the right shall be exercised *at reasonable and proper times*; the implied limitation is, that it shall not be exercised from idle curiosity, or for improper or unlawful purposes. In all other respects, the statutory right is absolute. The shareholder is not required to show any reason or occasion rendering an examination opportune and proper, or a definite or legitimate purpose. The custodian of the books and papers can not question or inquire into his motives and purposes. If he has reason to believe that they are improper or illegitimate, and refuses the inspection on this ground, he assumes the burden to prove them such. If it be said, this construction of the statute places it in the power of a single shareholder to greatly injure and impede the business, the answer is, the legislature regarded his interests in the successful promotion of the objects to the corporation a sufficient protection against unnecessary or injurious interference. The

statute is founded on the principle, that the shareholders have a right to be fully informed as to the condition of the corporation, the manner in which its affairs are conducted, and how the capital, to which they have contributed, is employed and managed.

It is further contended, that if the petitioner has the right, he can not exercise it by an agent. The right may be regarded as personal in the sense, that only a stockholder possesses and can exercise it; but the inspection and examination may be made by another; otherwise, it would be unavailing in many instances. In *Brewer v. Watson,* 71 Ala. 299, it was held, that an attorney at law, employed by a tax-collector to settle his accounts with the Auditor, has an interest which entitles him to an inspection of the book, in which his client's accounts are entered; but that the Auditor may demand evidence of his authority, and, on failure or refusal to furnish it, decline to allow the inspection. We perceive no sufficient reason why the same principle should not be extended to an attorney in fact. If a shareholder, who, from physical infirmity, or want of skill and knowledge, or other cause, is unable to make a satisfactory and intelligent examination, is debarred the privilege of procuring the aid and services of a competent accountant, the right itself would be worthless—a mockery. In *Louisiana v. Bienville Oil Works Co.,* 28 La. An. 204, it is said: "The possession of the right in question would be futile, if the possessor of it, through lack of knowledge necessary to exercise it, were debarred the right of procuring in his behalf the services of one who could exercise it."

In High on Extra. Legal Remedies, § 310, speaking of *mandamus* in cases like the present, it is said: "The writ will not be granted, merely to enable a corporator to gratify an idle curiosity in the examination of the corporate records; but he must show some specific interest at stake rendering the inspection necessary, or some beneficial purpose for which the examination is desired. And unless there is some particular matter in dispute between the members of the corporation, or between the corporation and its individual members, or some specific purpose for which the inspection is necessary, *mandamus* will not lie, since the courts will not permit the use of the writ upon merely speculative grounds, or to gratify a spirit of curiosity." We do not assent to the narrow limits to which the jurisdiction is confined in *King v. Mer. Tailor's Co.,* 2 Barn. & Ad. 115: that is, that the

[Foster v. White.]

inspection must be shown to be necessary in reference to some specific dispute or question depending, in which the parties have an interest. The purpose may be entirely prospective; and an examination would be proper and legitimate, if the object is to obtain information as to the management and condition of the affairs of the corporation, in order to enable the shareholder to determine whether any and what steps are necessary to establish or maintain his rights, or in order to enable him to discharge his corporate duties. *Huzler v. Cragin Cattle Co.*, 40 N. J. Eq. 392. Ordinarily, a *mandamus* will be awarded, whenever an inspection and examination are necessary, for any reason, to protect the interests of the stockholders, present or prospective, and is not sought from idle curiosity, or for any improper or unlawful purpose.

The petition merely demands to inspect at a reasonable and proper time, and a refusal. In my own opinion, the petition should, *prima facie*, show a clear legal right to the examination of the books and records; and that a clear legal right is not shown, unless the petition, not only affirms that the demand was made at a reasonable and proper time, but also negatives that the inspection is sought from a spirit of curiosity, or for an improper purpose, thereby making the demand without both the express and implied limitations upon the statutory right. I am apprehensive, that, to establish the rule, that a shareholder may demand an examination of the books and papers as often as he pleases, and, on being refused, obtain a writ of *mandamus*, to enforce an absolute right, without being required to exclude all unfavorable intendments by proper averments in the petition, which must be verified, will prove detrimental to the interests of corporations and their stockholders. But the majority of the members of the court, competent to sit in this case, hold that the statute secures to the stockholder the general right to examine the books at any and all reasonable times. They hold further, that when this right is claimed and refused, he is entitled to a *mandamus*, on the averments, that he is a stockholder of the corporation, that he has demanded the right of inspection, that the time was reasonable and proper, and that the right was denied him. These averments being made, if there be any reason why the right should not be granted, this is a matter of defense. The difference between us relating only to a matter of plead-

ing, and not to any principle involved, I yield to the opinion of the majority.

The result is an affirmance of the judgment.

McClellan, J., not sitting.