# Cobb v. Lagarde & Sons.

## Petition for Mandamus.

1. *Right of stockholder to inspect books of private corporation.* Under the statutory provisions enlarging and extending the common law right, a stockholder in a private corporation has "the right of access to, of inspection and examination of, the books, records and papers of the corporation at reasonable and proper times," (Code, § 1274); and in order to enjoy the exercise of this right, it is not necessary, when he makes application at a reasonable and proper time, that the stockholder should show a definite, legitimate purpose, or negative an unlawful and improper purpose.

2. *Same; when mandamus lies; sufficiency of petition.*—A mandamus will be awarded at the instance of a stockholder in a private corporation, against the custodian of books and papers, to enforce his statutory right to inspect and examine them; and if his petition alleges the fact of his being a stockholder and an application made to such custodian at a reasonable and proper time, and its refusal, it is sufficient, and it is not necessary to aver in such petition a definite, legitimate purpose in making the application, or to negative an improper or unlawful purpose.

3. *Same; sufficiency of demand.*—The right of a stockholder in a private corporation to examine and inspect its books, records and papers is a present right, when a demand is made at a reasonable time, and an indefinite delay in according this right is equivalent to a denial of it.

4. *Custodian of books.*—The president and general manager of an industrial corporation, who has control and supervision of the business of the company, has sufficient control over the books of the corporation to authorize the direction of a writ of *mandamus* to him, requiring an inspection of the books by a stockholder of said company.

5. *Same; when excuse or refusal of inspection not sufficient.* The facts that the stockholder who demands an inspection of the books and records of a private corporation bears an an unfriendly relation with the officers of said company, and owns stock in a rival corporation, do not constitute sufficient grounds for a denial of the right of such stockholder to inspect and examine the books of said company.

[Cobb v. Lagarde & Sons.]

6. *Same; when improper purpose not shown.*—The fact that a
   stockholder in a private corporation who demands an in-
   spection and examination of the books of said corporation is
   a stockholder in a rival company, and he may, by such exam-
   ination, gain some advantage, does not, necessarily, show an
   improper motive in making such demand, and will not,
   in the absence of other proof, deprive him of his right of
   inspection.

7. *Evidence; introduction of books produced in response to sub-
   poena duces tecum.*—Where a witness who was summoned
   by a *subpoena duces tecum,* produces at the time the books
   of the corporation, it is no objection to the introduction of
   such books in evidence that the statute provided another mode
   of securing the production of the books in evidence.

8. *Right of stockholder to inspect books of private corporation;
   evidence showing insolvency of the company admissible.*
   Upon the hearing of a petition for *mandamus,* to compel the
   custodian of the books and papers of a private corporation
   to allow the petitioners, who were stockholders in said cor-
   poration, to inspect and examine said books and papers, tes-
   timony relative to the condition of said corporation, showing
   its solvency *vel non,* is competent and admissible in evidence.

APPEAL from the City Court of Anniston.

Tried before the Hon. JAMES W. LAPSLEY.

A petition was filed by the appellants, Ernest Lagarde
& Sons, to the judge of the city court of Anniston, in
which they asked the issuance of a writ of *mandamus*
directed to R. H. Cobb, as president and general mana-
ger of the Anniston Lime & Stone Company, requiring
him to permit an inspection of the books, record and
papers of the corporation by the petitioners in person
and by an expert accountant. The petitioners averred
that they were in partnership, and as such partnership
owned 54½ shares of the capital stock of the Anniston
Lime & Stone Company, a corporation under the laws
of Alabama; that as such stockholders it was proper
and necessary for the protection of their interest, that
they should have the right and privilege of inspecting
and examining the records, books and papers of said
corporation at reasonable and proper times, and that
the books of said corporation were of such a nature that
it was necessary for them in addition to their own ex-
amination, to have an expert accountant to carefully

examine said records, books and papers. That before the filing of the petition they had made demands upon R. H. Cobb as president and general manager of said corporation, and who had charge of all said records and papers, for the privilege of examining the same at reasonable and proper times, but that said Cobb had willfully disregarded the rights and interests of petitioners in said corporation, and refused to permit the petitioners to make such inspection and examination. Therefore, the petitioner prayed for the issuance of a writ of *mandamus* as stated above.

To this petition, the respondent demurred upon several grounds, which may be summarized as follows: 1. That the petition fails to show any reason or necessity for the examination of the books, records and papers of said corporation by the petitioners; 2, it fails to show that a demand for such inspection and examination was made at a proper time and place, or was made of the custodian of the records; and, 3, that the petition fails to show that the motive or purpose of the petitioners in demanding an inspection of said books and papers and records was a proper motive or purpose. This demurrer was overruled. Thereupon the respondent filed an answer in which he denied that the petitioners were the owners of any stock in the Anniston Lime & Stone Company. In his answer the respondent further denied that he was the custodian of the books, records and papers of said corporation, but set up that the records books and papers of said corporation were in the custody of the secretary and treasurer of said corporation. He further denied that any specific demand had been made upon him for an examination of said books, records and papers.

The respondent then set up in his answer that the inspection and examination sought by the petitioners was for an improper purpose; that the interest of the petitioners was hostile to the Anniston Lime & Stone Company, and to its management; that the petitioners are the owners of and are engaged in a rival or competitive business, and that the inspection by the petitioners of the books, records and papers of the Anniston Lime &

Stone Company would be detrimental to the interests of said corporation.

The bill of exceptions contains the following recital: "The plaintiff procured and had served this day (June 4th, 1900) upon the defendant R. H. Cobb a *subpoena duces tecum,* requiring him, the defendant, to produce on the trial of the cause the stock book of the Anniston Lime & Stone Company. The defendant objected to the production of this book under a *subpoena duces tecum,* and assigned as grounds of objection: First. That the statute provides another and different mode for compelling the production of books or writings in the possession of a party; and, second, because the said book is one of the books for the inspection of which this suit has been instituted. The court overruled the defendant's objection, and required the production of the stock book, and to this ruling of the court the defendant then and there duly excepted. The plaintiffs introduced the said R. H. Cobb as a witness, and the said Cobb in answer to questions propounded by the plaintiff's attorney testified that the book then presented by him was the stock book of the Anniston Lime & Stone Company, which petitioners then offered in evidence. When the plaintiffs concluded the examination of the said R. H. Cobb, defendant then and there asked and demanded the right to cross-examine as petitioner's witness the said Cobb. The court refused to allow the defendant to so cross-examine the said witness, the court replying 'you can examine Mr. Cobb, but not now.' The defendant then and there duly excepted to the ruling of the court."

The petitioners then introduced in evidence the stubs contained in the stock-book of the Anniston Lime & Stone Company, which showed the issuance to the plaintiffs of said shares in the said corporation, amounting to 54½ shares. They also introduced in evidence the certificates of stock which plaintiffs, as witnesses, testified belonged to them.

The evidence for the petitioners tended to show that at a meeting of the directors of the Anniston Lime & Stone Company, one of the petitioners requested the respondent R. H. Cobb, who was the president and gen-

[Cobb v. Lagarde & Sons.]

eral manager of said company, to allow him to examine the books of said corporation; that upon objection on the part of one of the directors, Cobb said that he would consult an attorney in reference to allowing said petitioners to examine the books of the company; that a few days afterwards the respondent was asked again if he would allow the petitioners to examine the books of said company, and again postponed giving his answer, and that by such means the petitioners were denied an examination and inspection of the books, records and papers of said company for a long while, whereupon they filed their petition in the present proceedings.

The evidence for the respondent tended to show that the petitioners owned and oprated a lime and stone works near the plant of the Anniston Lime & Stone Company, that the petitioners were engaged in the said business; that the petitioners were hostile to the respondent and to the Anniston Lime & Stone Company.

R. H. Cobb, the respondent, as a witness, testified that the feeling of the petitioners towards him was most unfriendly; that the competition between the petitioners' business and that of the Anniston Lime & Stone Company was very active and sharp, and that it would be very damaging to the Anniston Lime & Stone Company for the petitioners to see the books of said company; that the Anniston Lime & Stone Company was entirely solvent. This witness further testified in reference to the demand of the petitioners to examine the books of the Anniston Lime & Stone Company, as follows: "The Legardes have talked with witness twice about examining the books of the Anniston Lime & Stone Company; that the first time was on Monday, 23d of April, 1900, at the stockholders' meeting, and the second time was on Thursday following; that neither John B. Lagarde or Louis D. Lagarde made a demand to inspect the books then and there, and that he never refused them the right to inspect the books of the company; that after the adjournment of the stockholders' meeting Louis D. Lagarde had said that he desired to examine the books at a convenient time. Mr. Acker objected, and that witness upon the suggestion of Judge Pelham had said that

he preferred to get the advice of counsel before making a reply. They returned on Wednesday following, and they asked if he was ready to reply to their request for an examination of the books, if it would be convenient for them to look at the books that evening. I said 'No.' He asked would it be convenient on Friday. I said 'No.' He then asked if it would be convenient to answer in 30 days. I said yes that it would. On rebuttal he said they did not ask to examine the books that evening, or ever ask to then examine them. They asked me only to state if I could answer them. He told them he had not been able to consult with counsel, and was not able to give them a reply during that week, but that he most certainly would be able to let them know within thirty days; that they had not again gone to him either for a reply or to demand an inspection of the books; that the next he heard from it was the service of the rule *nisi* in this cause."

On the cross examination of this witness by the petitioners, he was asked several questions relating to the solvency or insolvency of the Anniston Lime & Stone Company. To each of these questions the respondent separately objected, and separately excepted to the court's overruling each of said objections.

Upon the hearing of all the evidence the court granted the prayer of the petitioners and ordered a peremptory writ of *mandamus* to be issued, and to this ruling the respondent duly excepted. The respondent appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

J. J. WILLETT and W. P. ACKER, for appellant.—Before resorting to his remedy by *mandamus*, it is incumbent on the stockholder to apply to the person who can grant the inspection at a proper time and place and make demand for the inspection which must be refused. Cook on Corporations, § 511 and notes; 19 Amer. & Eng. Encyc. of Law, 235, *et seq.; Ala. Fer. Co. v. Reynolds*, 79 Ala. 497; *McCormick v Joseph*, 77 Ala. 236; *People v. Produce Exchange Trust Co.*, 65 N. Y. 926, 53 App. Div. 93.

KNOX, BOWIE & BLACKMON, *contra.*—The common law right of a stockholder to examine the books of the company is considerably extended and enlarged by our statute.—Code, § 1274. This statute was construed in *Foster v. White,* 86 Ala. 467, and again in *Winter v. Baldwin,* 89 Ala. 483, where it is held that, under the statutory provisions enlarging and extending the common law right, a stockholder in a private corporation has the right to examine the books, records and papers of the corporation at reasonable and proper times, and this right he may exercise through an agent or attorney in fact; nor is it necessary, when he makes application at a reasonable and proper time, that he should show a definite, legitimate purpose, or negative an unlawful or improper purpose.—*Bergenthall v. Bergenthall,* 39 N, W. Rep. 566; *Hulay v. Cragin Cattle Co.,* 40 N. J. Eq. 398.

DOWDELL, J.—The common law right of a stockholder in a private corporation to examine the books of the company has been materially enlarged and extended by our statute.—Code of 1896, § 1274. In *Foster v. White,* 86 Ala. 467, this statute received consideration by this court, and it was there held that the statute secures to the stockholder the general right to examine the books at any and all reasonable times, and it was further held that when this right was claimed and refused, he is entitled to a *mandamus* on the averments that he is a stockholder of the corporation, that he has demanded the right of inspection, that the time was reasonable and proper, and that the right was denied him. The averments of the petition in the present case, under the above decision, are sufficient. The defendant's demurrer was properly overruled. See also *Winter v. Baldwin,* 89 Ala. 483.

After a full hearing by the trial court of the evidence on the petition and defendant's answer, the court in its judgment awarded plaintiff the peremptory writ of *mandamus.* The rendition of this judgment on the evidence was excepted to by the defendant. The contention there was, and here is, that no sufficient demand and

refusal were shown, and further, that it was not shown that the defendant was the custodian of the books. The witnesses were examined before the court, and while there is some conflict in the evidence, it cannot be said that there was not sufficient evidence to warrant the trial court in finding that the defendant R. H. Cobb, although not the nominal custodian of the books, still had the actual custody and control of the same. This was sufficient to authorize a direction of the writ to him. *Bergenthal v. Bergenthal,* 39 N. W. Rep. 566. The right of inspection is a present right when the demand is made at a reasonable time, and an indefinite delay in according this right is equivalent to a denial of it. That the petitioner was on unfriendly relations with the officers of the company, and that he owned stock in a rival corporation, are not, apart from any improper purpose, sufficient grounds for a denial of his right of inspection of the books of the company.—*Bergenthal v. Bergenthal, supra.*

The defendant set up in his answer that the petitioner's purpose in wanting to inspect the book was an improper one. This was defensive matter, and the burden was on the defendant to show it, and we are not prepared to say that he has done so. The fact of the petitioner being a stockholder in a rival concern and that he may thereby gain some advantage by an inspection of the books of the defendant company, does not necessarily show an improper purpose in making demand for inspection, and will not deprive him as a stockholder of his right of investigation into the management of the affairs of said company. After a careful consideration of the evidence, we see no reason for disturbing the judgment of the trial court.

The witness R. H. Cobb was summoned as a witness by petitioners on a subpoena *duces tecum,* requiring him to produce on the trial of the case the stock book of the Anniston Lime & Stone Company. The defendant objected to the introduction of this book on the ground that the statute provided another mode of securing the book. The ground of objection we think was without merit. When the book was brought into court by the witness in answer to the subpoena, it was wholly im-

material that there was another mode of obtaining the book, and it was competent for petitioner to use it, and offer it in evidence.

If any error was committed by the court in its refusal to permit a cross examination of the witness Cobb by the defendant at the time he produced the stock book and identified the same, no injury resulted, as it is shown that later on in the progress of the case full opportunity of an examination of said witness by the defendant was had and exercised.

There was no error in admitting the testimony relative to the condition of the Anniston Lime & Stone Company as to solvency *vel non*. The insolvency of the company might well tend to show some reason for the petitioner's anxiety in exercising his right to examine into the company's affairs. It certainly tended to rebut the idea that the demand for examination was based solely upon curiosity or other improper motives.

We find no error in the record, and the judgment of the city court is affirmed.