# Nettles, *et al. v.* McConnell.

*Mandamus to Compel Examination of Corporation Books.*

(Decided April 16, 1907.  43 South. 838.)

*Mandamus; Stockholders; Examination of Corporate Books.*—Under section 1274, Code 1896, a resident stockholder of a foreign

corporation is entitled to mandamus to compel the corporation to permit him to examine its books and papers, which are within the state, where the officers of the corporation refuse to permit such examination, on a proper case made and at reasonable and proper times.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Petition by Herbert L. McConnell against the Camors-McConnell Company and P. D. Nettles, as secretary and treasurer thereof, for mandamus to compel respondents to permit petitioner to examine the books of a corporation. From a decree awarding the writ, respondents appeal. Affirmed.

This is a petition for mandamus compelling the company and Nettles, the said secretary and treasurer, to permit an examination of the books, accounts, and vouchers of the said company by the said McConnell for himself and with the aid of an expert accountant. It is alleged that the company is a private corporation, with its principal place of business in the city of Mobile; that the relator is a stockholder and former officer in said company, and has made demand upon the company and its officials in writing to be allowed to make the examination of the books, vouchers, accounts, etc., of the company, which request has been often repeated, but has never been complied with. The demands and answers thereto are set out in the petition. It is also alleged that the examination is desired for the purpose of informing himself as to the methods in which said business is being conducted, and as to whether or not the officers of the corporation are discharging their duties, and as to whether or not the earnings of the corporation are being properly and duly accounted for, and for the protection of the pecuniary interest which he has in said corporation, and not for the purpose of harassing or annoying the company, or for any other improper purpose.

It is also alleged that he has reason to believe that the affairs of the company are not being conducted by its officers in a proper manner for the benefit of the corporation.

Victor Camors and P. B. Nettles answered said petition, admitting that the company was a private corporation, with its principal place of business in the city of Mobile; that petitioner owns the shares of stock alleged by him to be in his possession, but they attempt to justify their refusal to permit an examination on the ground that the corporation is chartered in the state of New Jersey, and is doing business in Alabama as a foreign corporation, and that it is not subject to the laws of the state of Alabama providing for and regulating the examination of books and papers of corporations by the stockholders thereof. They admit that Nettles has charge of all the books, and also set up, by way of a denial of relator's right to examine the books, a by-law of the corporation, binding, as alleged, on all the stockholders thereof, to the effect that the board of directors shall determine whether and to what extent, and at what times and places, and under what conditions and regulations, the accounts, vouchers, and books of the corporation may be inspected by a stockholder; and they deny that the stockholder has any right to demand an inspection, except as may be conferred by the statutes of the state of New Jersey, or as authorized by the board of directors. It is also alleged that the relator is engaged in litigation with the company, and that the inspection of the books and papers is desired for the purpose of obtaining information to be used against it in a suit now pending in the United States court between relator and the corporation; and this is pleaded in bar of relator's right to inspect the books. It is also alleged in the answer that relator is organizing a company to

[Nettles, et al. v. McConnell.]

come in competition with the defendant company in its business, and desires the information for the purpose of procuring subscriptions to the capital stock of said rival company, by making known to outside parties the business of the corporation.

Demurrers were interposed to test the sufficiency of this answer as to all matters pleaded in bar of relator's right to examine the books, and the demurrers were sustained. The answer was amended, and demurrers were refiled and sustained to this, and the answer was again amended, and practically the same grounds were alleged with additional resolutions and by-laws by the board of directors. On a final hearing, it was decreed that mandamus be issued and awarded permitting an examination of the books, but the time of examining was limited to certain hours during each day. From this decree, Nettles and the company appeal.

INGE & ARMERECHT, and N. R. CLARK, for appellant. —Section 1274, Code 1896, has no reference to foreign corporations but applies solely to domestic corporations. —*Winter v. Baldwin*, 89 Ala. 483; *Waite v. Dowley*, 94 U. S. 527. The corporation in question was organized under the laws of New Jersey and it is the general rule that courts have no visitorial power over foreign corporations and are unauthorized to interfere in matters concerning the internal management of such bodies.—13 A. & E. Ency. of Law, 847; 19 Id. 868; *In re Rapplye*, 59 N. Y. Sup. 338; *In re Crosby*, Id. 340; *In re Steinway*, 159 N. Y. 250; *Howell v. Ry. Co.*, 51 Barb. 379; *Mining Co. v. Fields*, 64 Md. 151; *Maddan v. Light Co.*, 181 Pa. St. 618; *Silver Mines v. Brown*. 7 C. C. A. 412; *Wilkins v. Thorn*, 6 Md. 253; *People v. Knickerbocker Trust Co.*, 77 N. Y. Sup. 1002; *Huylar v. Cattle Co.*, 40 N. J. Eq. 392. The writ will not be granted merely to enable a

[Nettles, et al. v. McConnell.]

corporator to gratify an idle curiosity in the examination of the corporate records.—*Foster v. White,* 86 Ala. 470; High Ex. Leg. Rem. § 310; Clark on Corp. p. 337; Cook on Corp. § 514.

GREGORY L. & H. T. SMITH, for appellee.—The books being within the state and in the hands of an officer within the state, the courts of this state have jurisdiction of the person and of the thing, although the corporation is a foreign corporation. The right of a stockholder to their inspection is transitory and exists wherever the books may be found.—*Meyer v. American Screw Co.,* 16 R. I. 472; *Richardson v. Smith,* 6 Atl. 856; *State v. Palmer,* 7 Ohio Cir. 429; Thompson on Corp. § 4430. Under the decisions of the courts of New Jersey, a stockholder has the common law right to inspect the books of the corporation and a by-law of the corporation limiting that right to instances in which they are expressly conferred by the statutes of the state or a resolution of the stockholder, cannot prevent an exercise of this common law right.—*Huylar v. Cattle Co.,* 7 Atl. 217; *Rosenfelt v. Einstein,* 46 N. J. L. 479; *State v. Hoboken P. & P. Co.,* 50 Atl. 906; *Fuller v. Hollander,* 61 N. J. Eq. 648; *People v. Thropp,* 10 Wend. 186; Thompson on Corp. § 4417. The right of a stockholder in Alabama to examine the books of a corporation is absolute and independent of his motives.—Section 1274, Code 1896; *Foster v. White,* 86 Ala. 467; *Cobb v. Legarde,* 129 Ala. 428.

HARALSON, J.—It is said by Mr. Cook, in his work on Corporations (page 951, § 511), that "the stockholders of a corporation had at common law a right to examine at any reasonable time, and for any reasonable purpose, any one or all of the books and records of the

corporation." After citing cases, the reason of the rule is stated to be, that the books and papers of the corporation, though of necessity kept in some one hand, are the common property of all the stockholders. The point seems to be clearly decided, in several of the cited cases, that the stockholders of a corporation may, where the right is denied, obtain mandamus for the inspection of the books of a corporation from the courts of the state where the books are kept. The court has the jurisdiction of the person and of the thing, and the right of the stockholders to their inspection is transitory and exists where the books may be found.

As was stated in one of the cases cited—*Commonwealth v. Phoenix I. Co.*, 105 Pa. 116, 51 Am. Rep. 184: "It would seem from the weight of authority and in reason, that a stockholder is entitled to mandamus to compel the custos of corporate documents to allow him an inspection, and copies of them at reasonable and proper times, upon showing refusal on the part of the custos to allow it and not otherwise."

In *Richard v. Swift*, 7 Houst. 137, 30 Atl. 781, it was held, that the writ of mandamus is the proper remedy for the enforcement of private rights, where there is no other adequate remedy, and that, "a foreign corporation, holding property and doing business within this state, is considered and treated as a domestic corporation, having the same rights and protection in the carrying on of its business and enforcement of its contracts, and being subject to the same duties and answerable to the same tribunals, and in a similar manner, as domestic corporations."

"The fact that a corporation is created under the laws of another state, and that the right of its stockholders to inspect its books is defined by the laws of such state, does not prevent the court of the state having jurisdic-

tion of the person of the custos of the books, from awarding a mandamus, in a proper case, to compel him to allow a stockholder to inspect them and take copies from them."—4 Thompson, Com. on Law of Corporations, § 4430. The right is not allowed, as the author states, for speculative purposes and gratification of curiosity (section 4419); nor when the exercise of the right would produce great inconveience (section 4420). It includes the right to make copies (section 4421); it is no answer that it is inconvenient to grant the right (section 4422); and the stockholder may exercise the right through an agent, attorney or expert (section 4426).

Section 1274 of the Code of 1896 provides that the stockholders of all private corporations have the right of access to, of inspection and examination of, the books, records and papers of the corporation, at reasonable and proper times."

In *Winter v. Baldwin*, 89 Ala. 484, 7 South. 734, this court held, that "this statute is but a slight modification of the rule of the common law and its construction is fully discussed in the case of *Foster v. White*, 86 Ala. 467, 6 South. 88. We there held, that the purpose of the statute was to secure to the stockholder of every corporation the right generally to examine the books at all reasonable and proper times; and that upon a denial to him of the exercise of this right, he was entitled to a maddamus, upon an averment of facts which prima facie bring the applicant within the terms of the statute, and showing such denial. If the inspection is sought for improper motives, or for reasons which are not sufficient to justify it, this was said to be a matter of defense, not necessary to be negatived by the applicant by way of anticipation in his pleadings."—*Cobb v. Lagarde*, 129 Ala. 488, 30 South. 326.

[Nettles, et al. v. McConnell.]

It was said in the case last cited, that "the fact of the petitioner being a stockholder in a rival concern, and that he may thereby gain some advantage by an inspection of the books of the defendant company, does not necessarily show an improper purpose in making demand for inspection, and will not deprive him as a stockholder of his right of investigation into the management of the affairs of said company."

It is urged, that the section of the Code quoted, only applied to domestic corporations, chartered in this state. But we have seen that any foreign corporation doing business in this state, having books and papers connected with its operation, which are in the custody of its officers and agents in this state, is to be treated, as to such books and papers and persons, as a domestic corporation. If this were not so, and a stockholder of a foreign corporation living in this state could not obtain from the courts of this state a mandamus for the insepction of such books and papers as are within its territorial jurisdiction, it would necessarily follow, since the courts of no other state could enforce this right in Alabama, that his remedy would be entirely lost. The state of New Jersey, where the defendant corporation was chartered, has no jurisdiction over such books and papers and the custos of them, and what its laws are, or may be, as to the books and papers within our jurisdiction, has no effect upon the rights of petitioner.

The petition presented a proper case for mandamus, bringing the applicant prima facie within the terms of the statute, and nothing was shown at the trial of the cause, to disentitle the petitioner to the relief he sought. We see no reason for interfering with the judgment of the court in awarding the mandamus. What has been

35 R

[Cooke, City Clerk v. Loper.]

said, and the authorities cited, dispose of the errors assigned.

Affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.