## Schondelmeyer, Appellant, *v.* Columbia Fireproofing Company. Johnston *v.* Same.

*Corporations—Books—Right of stockholders to inspect books.*

A stockholder of a corporation who has brought an action of trespass
for deceit against the president of the corporation as an individual, for
misrepresenting the value of the stock of the company sold to plaintiff,
has no standing to demand an inspection of the books of the corpora-
tion in order to ascertain the value of the stock.

Argued Nov. 12, 1907.   Appeals, Nos. 158 and 159, Oct. T.,
1907, by plaintiff, from judgment of C. P. No. 2, Allegheny Co.,
April Term, 1907, No. 761, for defendant on mandamus in case
of G. J. Schondelmeyer v. Columbia Fireproofing Company, a
Corporation, James W. Grove, President, and Chester D. Win-
ger, Secretary.   Before MITCHELL, C. J., FELL, BROWN, MES-
TREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Petition for writ of alternative mandamus.

SHAFER, J., filed the following opinion :

An alternative writ of mandamus was issued in this case
directing the defendants to permit the relator " to have ac-
cess to all books and records of said corporation showing, or
tending to show, the financial condition of said company, and

the value of petitioner's stock therein in the years 1901 and 1902, and knowledge of the said James W. Grove thereof, including the cash books, day books, journals, bills payable and stock ledgers, minute books, and all other books and papers touching upon said matters, at reasonable times, and to permit the said Schondelmeyer to employ an expert or experts to examine, audit and make copies of said books for said purposes, or to show cause why they should not do so." The writ was founded upon a petition which averred, and these averments were contained in the writ also, that the defendant company is a New Jersey corporation having its business office in the city of Pittsburg, and that all of its books are in the city of Pittsburg; that the relator in 1901 bought certain shares of the stock of said defendant corporation, and subscribed to certain other shares, and that these purchasers and this subscription were made upon the strength of certain representations made by one of the defendants, James W. Grove, who then was, and still is, the president of the corporation, as to solvency of the company and the value of the shares; that these representations were untrue, and known by Grove to be untrue; that the petitioner has brought an action against Grove for deceit in making such representations, and in order to ascertain the exact financial condition of the corporation at the time the representations were made, it is necessary for the plaintiff to have access to the books, and that access to the books has been refused. To this writ defendants made a return admitting that they have a set of books in the city of Pittsburg; denying that Grove made any representations as stated by the relator in regard to the financial condition of the company; admitting the bringing of the action against Grove, and denying the right of the relator to examine the books and papers of the company as directed by the writ. To this return relator has demurred. When this case was first argued the question was suggested whether an order to examine the books of a foreign corporation, although doing business in this county, might not be an interference with the internal affairs of a foreign corporation, but it was finally conceded by counsel for defendants that such would not be the case, and they make no defense upon that ground, relying solely on the claim that a proper case for the exami-

nation of the books has not been made out by the relator. The relator relies upon the case of Neubert v. Armstrong Water Company, 211 Pa. 582, in support of the proposition that a stockholder is entitled to examine the books of the company whenever for any reason he desires to know the value of the stock. We do not, however, understand any such proposition to be laid down in that case. The question in that case, as stated by the court, was, " Did the appellees in good faith desire an inspection of the books of the defendant corporation for a definite and proper purpose pertaining to the corporate business and affecting their right as stockholders ? " and the allegation was that the defendants had acquired a majority of the capital stock of the company, that they had failed to keep accounts and make statements, and that they had done this and other illegal acts for their personal benefit and to prevent the plaintiffs from knowing the value of the stock, and were endeavoring to purchase the stock from the minority stockholders by various devices compelling them to sell their stock below its value. In the present case, however, it does not appear by the pleading that the relator is in any way aggrieved by the action of the company, or that his rights as a stockholder have been infringed upon, but that having an action for deceit against a person who happens to be the president of the company, for misrepresenting the value of stock sold to him, he desires to examine and audit the books of the company of the years 1901 and 1902 to ascertain whether or not the defendant, in his action of deceit, told him the truth or not. We are unable to see that the fact that the defendant Grove was at that time president of the company makes any difference in the rights of the relator. If the relator's contention is correct, he would have the same right to examine the books of the company if his action were against a defendant who was a mere stranger to the company. If the relator's position is correct, everyone who buys stock in a corporation and thereby becomes a stockholder, would have a right to examine the books of the company whenever a controversy might arise between himself and any third person which involved the value of the stock, there being no reason why it should be confined to cases where a misrepresentation of value was alleged. If this were to be done, the inconven-

ience to the corporation, which has absolutely no interest in the controversy and the conduct and management of which is not involved in it, would certainly be very great. It is laid down in the books that a stockholder is entitled to an inspection of the books of the company at reasonable times and for a specific and proper purpose. There is no question in this case as to reasonable time, nor as to the specific purpose of the relator. The question is, whether it is a proper purpose. We have been referred to no case in which it has been held that an examination for any purpose, except such as affected the rights of the party as a stockholder, is a proper purpose. In the Phœnix Iron Company v. Commonwealth, 113 Pa. 563, the right of examination of books by a stockholder is said to exist " where it is desired for a specific, honest purpose, and where there is a particular matter in dispute involving and affecting seriously the rights of the relator as a stockholder." We cannot see how in the present case the rights of the relator as a stockholder are in any way affected. We are of opinion, therefore, that the demurrer should be overruled.

And now, April 24, 1907, the demurrer is overruled and judgment is entered for the defendant with costs.

*Error assigned* was the judgment of the court.

*Frederic W. Miller*, with him *John S. Robb*, for appellant.— It is not believed that James W. Grove, as a defendant in the actions for misrepresentations, is to be regarded in the light of a mere stranger in view of all the circumstances of these cases, particularly his connection with the new company as well as the old, and the fact that he as president is presumed to be intimately acquainted with the financial affairs of his corporation at all times. His access to the corporate books at all times is a matter of absolute right : People v. Goldstein, 37 App. Div. 550 (56 N. Y. Supp. 306).

In the earliest decisions a stockholder was allowed the right to inspect the books to aid a stockholder in controversies with others : Rex v. Fraternity, 2 Strange, 1223 ; Williams v. Life Ins. Co., 23 Beav. 338 ; In re Crosby, 28 Misc. Rep. 300 (59 N. Y. Supp. 865) ; Lewis v. Brainerd, 53 Vt. 519 ; Chable v. Nicaragua Canal Construction Co., 59 Fed. Repr. 846.

*R. A. Balph,* with him *James Balph,* for appellees, cited: Com. v. Empire Pass. Ry. Co., 134 Pa. 237; Investment Co. of Phila. v. Eldridge, 175 Pa. 287.

PER CURIAM, January 6, 1908:
Judgments affirmed on the opinion of the court below.