(93 South. 25)

**BIRMINGHAM NEWS et al. v. STATE ex rel. DUNSTON.** (6 Div. 568.)

(Supreme Court of Alabama. Dec. 22, 1921. Rehearing Denied May 4, 1922.)

**I. Corporations ⬅ 181(1) — Stockholder has continuous right to examine books at all reasonable times.**

By Code 1907, § 3477, a stockholder has the general and continuous right to examine the books at any and all reasonable times, the right to be exercised as often as he may wish, provided that he makes the request at a reasonable time.

**2. Mandamus ⬅ 129—Stockholder entitled to mandamus to enforce right to inspect books.**

When plaintiff shows that he is a stockholder, that he demanded an inspection, that the time was reasonable and proper, and that the right was denied him, he is entitled to mandamus.

**3. Judgment ⬅ 586(2)—Judgment in mandamus proceeding based on demand and refusal to inspect corporate books not bar to proceeding based on another demand and refusal after judgment.**

Each separate demand and refusal to permit inspection of corporate books constitutes a separate cause of action, and a judgment on one demand and refusal is not res adjudicata as to another demand and refusal, made after judgment.

**4. Corporations ⬅ 181(3) — Stockholder may demand inspection of books through attorney.**

A stockholder has the right to exercise the power of inspection of books through an agent or attorney, but the corporation has the right to demand evidence of the attorney's authority, apart from his statement.

**5. Mandamus ⬅ 154(9) — Verification can be made by attorney.**

In view of Code 1907, § 4864, requiring that mandamus shall be commenced by a petition "verified by affidavit," the affidavit can be made by an agent or attorney conversant with the facts.

### On Rehearing.

**6. Corporations ⬅ 181(2)—Demand to inspect "books" includes contracts or other documents; "records;" "papers."**

While Code 1907, § 3477, gives stockholders right of access to and of inspection and examination of "books, records, and papers" of corporations, a demand to examine the books would include contracts or other documents; "books, records, and papers" being used interchangeably, books including records, records including books, and each including contracts or other documents.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Book; Papers; Record.]

Appeal from Circuit Court, Jefferson County; R. V. Evans, Judge.

Petition by the State of Alabama, on the relation of W. S. Dunston, for mandamus directed to the Birmingham News, a corporation, and its officers, to require an examination of its books and papers. From a judgment granting the writ, respondents appeal. Affirmed.

The petition alleges the ages, residences, etc., of the parties; that petitioner owns 40 shares of the capital stock of said respondent corporation; that he presented himself at a reasonable and proper time, by and through his agents, auditors, and attorneys, at the place of business of the above corporation, and demanded the right of access to and an inspection and examination of the books, records, and papers of the said corporation; but that said Victor H. Hanson, the president of said corporation, and in charge of the books, papers, and records of the same, refused petitioner access to or an examination of said books, records, and papers. This was verified as follows:

"Before me, Lois House, a notary public in and for the state of Alabama and Jefferson county, personally appeared Lloyd G. Bowers, who, being sworn, deposes and says that the allegations of the foregoing petition are true as therein set out."

This was properly signed and properly attested.

The respondent demanded the production of the stock certificate and the instrument showing the authority of Lloyd G. Bowers to demand an inspection of the defendant company's books, records, and papers, and in response thereto the court required the production of the stock certificate, but did not require the production of the attorney's authority. The respondent also answered, after demurrer overruled, denying that relator was the owner of the shares of stock, and also denying that the relator had demanded such right of inspection and examination, but admitting that Lloyd G. Bowers, an attorney, did make such demands, but stating on information and belief that such demand was not made at the instance of the said Dunston, but was made for and at the instance of third persons to respondents unknown. It is also further set up that two prior proceedings, identical with this, had been instituted by relator against respondents, and each had been decided in favor of respondents; wherefore respondents plead res adjudicata.

Percy, Benners, & Burr, of Birmingham, for appellants.

The verification was not sufficient. Section 4864, Code 1907; rule 15, Chanc. Ct. Prac. The former proceedings were res adjudicata as to this one. 152 Ala. 650, 44 South. 839; 201 Ala. 256, 77 South. 846; 71 Ala. 186. The authority to examine was as

follows: "You are authorized, empowered, and instructed as my attorneys in fact to examine the books of the Birmingham News Company, a corporation, of which I am a shareholder, either personally or by such certified public accountant as you may select for making the examination." This did not empower an examination of anything but the books.

Bowers, Dixon & Bowron, of Birmingham, for appellee.

The verification was sufficient. 31 Cyc. 538; 2 C. J. 320; 2 Ala. 24; 142 Ala. 604, 39 South. 29. There is no merit in the contention that the authority to examine was limited to books. 58 Ark. 565, 25 S. W. 1067. There is nothing in the contention as to res adjudicata. Section 3477, Code 1907; 7 R. C. L. 325; 66 Ala. 132; 15 R. C. L. 962; 68 Wash. 42, 122 Pac. 606, 39 L. R. A. (N. S.) 974.

ANDERSON, C. J. [1, 2] Section 3477 provides that:

"The stockholders * * * have the right of access to, and of inspection and examination of, the books, records, and papers of the corporation, at reasonable and proper times."

This section has been several times considered by this court, and as we understand the rule laid down in the case of Foster v. White, 86 Ala. 467, 6 South. 88, said case being cited and approved in Nettles v. McConnell, 151 Ala. 538, 43 South. 838, Winter v. Baldwin, 89 Ala. 484, 7 South. 734, and Cobb v. Lagarde, 129 Ala. 488, 30 South. 326. The stockholder has the right to examine the books at any and all reasonable times; that this is a general, continuous right, to be exercised as often as he may wish, provided that he makes the request at a reasonable time. When he shows that such a demand was made and refused, he is entitled to a mandamus, on the averments that he is a stockholder of the corporation, that he has demanded the right of inspection, that the time was reasonable and proper, and that the right was denied him. These averments being made, if there be any reason why the right should be denied him, this is matter of defense.

"The only express limitation is that the right shall be exercised at reasonable and proper times; the implied limitation is that it shall not be exercised from idle curiosity, or for improper or unlawful purposes."

[3] It would therefore seem that each separate demand and refusal constitutes a distinct cause of action, and that the adjudication of one does not necessarily bar the other, and a judgment upon one demand and refusal is not res judicata as to another demand and refusal. Of course, the frequency of demands would no doubt be evidential facts as to the reasonableness of the last demand, and whether or not it was made for improper or unlawful purposes, especially when previous demands had been complied with; but the previous suits, set up in the respondents' answer in the case at bar as res judicata, do not disclose the same cause of action as the one now under consideration. Indeed, this case seems to be based upon a demand and refusal of August 12, 1921, a date subsequent to the institution and final disposition of the previous proceedings.

[4] The stockholder has the right to exercise this power through an agent or attorney, but the respondent has the right to demand evidence of the agent's authority, apart from his mere statement. It is insisted by this appellant, not that the attorney did not have authority to examine and inspect the books, but that his demand to inspect the papers and records also exceeded his authority. It is sufficient to say that, had the refusal been rested on this point, it may have been justifiable, at least as to the papers; but it was not based on this ground, and the authority of the attorney was neither demanded nor questioned at or before the refusal, and said refusal cannot now be justified upon the theory that the agent included in his demand the right to inspect the papers, when his authority only gave him the right to inspect the books. Foster v. White, supra, Brewer v. Watson, 71 Ala. 299, 46 Am. Rep. 318. Nor is the order of judgment of the court broader than the demand and petition.

[5] Section 4864 of the Code of 1907, requires that all applications for mandamus shall be commenced by a petition "verified by affidavit," and we think that the affidavit can be made by an agent or attorney who is conversant with the facts. Prim v. Davis, 2 Ala. 24, McCoy v. Harrell, 40 Ala. 235. Rule 15 of the chancery court does not apply to this case, which is a proceeding at law, and not in equity.

The judgment of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.

On Rehearing.

ANDERSON, C. J. [6] In the original opinion, we in effect assumed that the demand for an examination of the books, records, and papers was broader than the authority given by the relator to his attorney—that is, the right to examine and inspect the books of the corporation—and applied the doctrine of waiver to this respondent. We still think that this position is sound; but, upon reflection and a reconsideration of the case, we are of the opinion that the contention that the authority to the attorney to examine the books did not justify the right to demand the inspection of the records and papers of the corporation is entirely too technical, and is

therefore without merit. We think the demand substantially complies with the statutes, and that, while section 3477 of the Code of 1907 uses the words "books, records, and papers," they are used, to a certain extent, interchangeably, each intended to embrace the other. Books would include records; records would include books; and each would include contracts or other documents. Stone v. Kellogg, 165 Ill. 192, 46 N. E. 222, 56 Am. St. Rep. 240.

Rehearing denied.

SAYRE, GARDNER, and MILLER, JJ., concur.