(125 So. 667)

**BURNS v. DRENNEN.** (6 Div. 476.)

Supreme Court of Alabama. Jan. 16, 1930.

Thos. J. Judge, of Birmingham, for appellant.

J. L. Drennen, of Birmingham, for appellee.

GARDNER, J. Appellee, J. L. Drennen, is the owner of 324 shares of common stock of the Lincoln Reserve Life Insurance Company, and as such stockholder demanded an inspection and examination of the books, records, and papers of the corporation, which demand was refused. His petition for mandamus followed, resulting in a judgment awarding the writ, from which respondent, president of the company, and upon whom the demand was made, has prosecuted this appeal.

The right of the stockholder to such examination as here demanded is recognized in this state by statute (section 7001, Code of 1923), which provides only one express limitation to the effect that it must be exercised "at reasonable and proper times."

■ Our cases hold, however, there is also an implied limitation that it shall not be exercised from "idle curiosity, or for improper or unlawful purposes." Foster v. White, 86 Ala. 467, 6 So. 88, 89; Birmingham News v. State ex rel. Dunston, 207 Ala. 440, 93 So. 25.

■ In all other respects this statutory right is absolute, and it is well settled that mandamus is the appropriate remedy. Nettles v. McConnell, 151 Ala. 538, 43 So. 838; authorities supra.

■ The defense rests upon the implied limitation of the right that its exercise is sought for improper or unlawful purposes, and issue was joined thereon and evidence taken orally before the trial judge. This being defensive matter, the burden of proof rested upon defendant to establish it. Cobb v. Lagarde & Sons, 129 Ala. 488, 30 So. 326; Winter v. Baldwin, 89 Ala. 483, 7 So. 734.

Defendant's evidence to establish an improper purpose rested upon proof that petitioner had pending a suit against the corporation to recover $2,500 based upon the common counts, but involving a recovery of salary claimed to be due. No more of material importance appears.

In Schondelmeyer v. Columbia Fireproofing Co., 219 Pa. 610, 69 A. 49, cited by defendant, petitioner admittedly was seeking to exercise the right in aid of an action for deceit he had brought and which was then pending; and in Wight v. Heublein, 111 Md. 649, 75 A. 507, it was held to clearly appear the stockholder was merely seeking to compel a purchase of his stock above its value and to harm the corporation, the information having been previously furnished.

In the instant case, however, nothing appears to indicate any advantage to be gained so far as the pending suit is concerned or in what manner the examination desired could materially affect that litigation. Without any facts or circumstances to disclose improper motive, to deny the writ in this case, we must hold mere pendency of the suit without more deprives petitioner of his statutory right of examination as a stockholder.

In Cobb v. Lagarde & Sons, supra, it was held the fact that petitioner was a stockholder in a rival concern, and may thereby gain some advantage by the injunction, did not necessarily show an improper motive and did not deprive him as a stockholder of his right of investigation. By analogy that authority is applicable here, and such defense cannot be established upon a mere conjecture or speculation.

In this last-cited authority it was also held that the insolvency of the corporation was proper to be shown as tending to show some reason for petitioner's anxiety in exercising his right of inspection, and in rebuttal of the idea that the demand was based on improper motives.

■ So, in the case here considered, we think it proper that petitioner was permitted to show that he had owned the stock for 12 years and had never received a dividend thereon. This objection was properly overruled.

■ The fact that the state insurance department had some 2 years previously made an examination, and the offer of defendant to have the department make another examination at an early date, was immaterial on the issue of petitioner's statutory right as a stockholder.

■ The evidence has been read with much care and given due consideration by the court in consultation. The conclusion is reached that defendant has failed to sustain the burden of proof as to the defense interposed, and that petitioner was entitled to the writ on the uncontroverted evidence before the court. Under these circumstances it is unnecessary to consider whether or not the evidence made the basis of the third assignment of error was properly admitted, as in view of the above-noted conclusion the result could not be affected thereby. Springer v. Sullivan, 218 Ala. 645, 119 So. 851. That question may, therefore, be properly pretermitted, as unnecessary to be determined.

It results that the judgment of the trial court is correct and will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.