199 So. 854

LOVEMAN et al. v. TUTWILER INV. CO.

6 Div. 697.

Supreme Court of Alabama.

Jan. 16, 1941.

A. Leo Oberdorfer, of Birmingham, for appellee.

Leader, Hill & Tenenbaum, of Birmingham, for appellants.

426

BOULDIN, Justice.

The right of a stockholder to inspect and examine the books and records of a private corporation is declared by statute, Code 1923, § 7001, which reads: "The stockholders of all such corporations have the right of access to, and of inspection and examination of, the books, records, and papers of the corporation, at reasonable and proper times."

This statute, in force without change, for more than half a century, has been long construed and applied. We merely re-announce certain settled rulings thereon.

1. The statute is not merely a re-enactment of the common law on the subject. It enlarges the right, and removes certain common law restrictions tending to embarrass exercise of the right, rendering it consistent and coextensive with the stockholder's right, as a common owner of the property, books and papers of the corporation, and, at the same time, consistent with the duties and obligations of the managing officers, as agents and trustees.

2. The only express limitation is that such right be exercised "at reasonable and proper times."

An implied limitation is that it shall not be exercised from idle curiosity, or for improper or unlawful purposes.

3. Mandamus is the recognized remedy if a demand for access to the records at reasonable and proper times is denied by the officers having custody and control thereof.

4. The same right and remedy exists in favor of a resident stockholder of a foreign corporation, doing business in Alabama, when the records and the officers having custody and control of them are within this jurisdiction.

5. The petition for mandamus need only disclose the relation of stockholder, a proper demand and refusal. If a foreign corporation, jurisdiction of the persons under duty to grant the request, should appear.

6. The officers refusing the exercise of this right by the stockholder on the ground of mere curiosity, or because of some improper or unlawful purpose of the stockholder, have the burden of establishing such ground of refusal. Foster v. White, 86 Ala. 467, 6 So. 88; Winter v. Baldwin, 89 Ala. 483, 7 So. 734; Cobb v. Lagarde & Sons, 129 Ala. 488, 30 So. 326; Nettles et al. v. McConnell, 151 Ala. 538, 43 So. 838; Birmingham News et al. v. State, ex rel. Dunston, 207 Ala. 440, 93 So. 25.

In this cause a resident stockholder, holding preferred stock in a foreign corporation, made proper demand upon resident officers, having custody and control of the records, for an inspection of the stock-books, with the privilege of making extracts therefrom, at reasonable times and hours.

This request was refused.

For ground of refusal respondents allege the request was for an improper and unlawful purpose, in that, it was desired to obtain a list of the stockholders for the purpose of calling, or attempting to call, a meeting of stockholders to determine what action they wished to take to enforce payment of dividends on the preferred stock. The answer then sets out provisions of the corporate charter to the effect that dividends on preferred stock at a fixed rate per annum are cumulative, all payable before any dividend on common stock is declared; also a charter provision empowering the directors to fix and determine amount of reserves, and whether any and what part of surplus profits shall be declared in dividends.

The answer goes into some detail touching the surplus, capital structure, other matters to support the view that the best interests of the stockholders will be conserved by retaining the existing reserves as working capital; and further alleges that the conditions have been fully disclosed by the officers, and the great majority of the stockholders approve a no dividend policy at present. Whether dividends should be declared is not an issue here. Without question preferred stockholders have a special property interest in the corporation's net profits, and in the disposition of same in keeping with a good and sound business policy. It is the lawful right of such stockholders to confer together with a view to determine what

course will be taken with reference to payment of accumulated and unpaid dividends.

We do not interpret the facts as disclosing a purpose on the part of one or more stockholders to usurp the function of calling a stockholders meeting which in turn shall usurp the power to act as an authoritative body invasive of the powers delegated to the Board of Directors. A meeting of stockholders for conference, and concerted action in keeping with their legal status and right is entirely consistent with any facts disclosed.

That ill-advised and hurtful litigation will result is matter of surmise and cannot be anticipated as ground for denying the stockholder his lawful right of inspection of the stock-books and acquiring information for the purpose of conference and concerted action.

Stockholders, ultimate owners, have control through a directorate of their selection. Whether preferred stockholders in this corporation have voting powers does not appear. There is no complaint of the management of the corporate business, but an exercise of the lawful right of the stockholder to have access to the stock-books looking to a determination of his course touching accumulations in which he has a direct interest.

The rulings and judgment of the trial court gave expression to these views.

Affirmed.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., concur.