bill was sufficient to warrant the court in ordering the temporary injunction whereby the parties were required to keep the property in question in *status quo* until the determination of the merits of the controversy.

The contention that in order to warrant a temporary injunction a bill must show a clear right to a permanent injunction has no force where the temporary injunction is prayed for in order to conserve the rights of the complainant pending the litigation. The rule referred to applies only to cases where the relief prayed for is a permanent injunction.

For the reasons above given the order of the Superior Court is affirmed.

*Order affirmed.*

---

**The People of the State of Illinois ex rel. Clarence H. Venner, Appellee, v. Chicago City Railway Company et al., Appellants.**

**Gen. No. 17,868.   (Not to be reported in full.)**

Appeal from the Superior Court of Cook county; the Hon. RICHARD E. BURKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed November 21, 1913.

### Statement of the Case.

Petition by the People of the State of Illinois, ex rel. Clarence H. Venner, against Chicago City Railway Company, a corporation, T. E. Mitten, president, and R. B. Hamilton, secretary, to compel an inspection of the books, records and accounts of the company. From a judgment awarding a writ of mandamus on the respondents electing to abide by their answer after a demurrer thereto was sustained, respondents appeal.

SHOPE, ZANE, BUSBY & WEBER, E. R. BLISS and GEO. GILLETTE, for appellants.

ELIJAH N. ZOLINE, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

### Abstract of the Decision.

1. CORPORATIONS, § 179*—*when mandamus to compel inspection of records will be denied.* Where it appears that a shareholder seeks inspection of the records and books of account of the corporation for an unlawful purpose, as for levying blackmail, as distinguished from a merely improper purpose, a writ of mandamus to compel such inspection will be denied.

2. CORPORATIONS, § 179*—*when answer to petition to compel inspection of records is insufficient.* Where an answer to a petition for a writ of mandamus by a shareholder to compel inspection of the books of the corporation alleges by argument, conjecture and conclusion that the purpose of the petitioner is to levy blackmail and does not allege any actual threats or demands, the answer is insufficient.

3. CORPORATIONS, § 179*—*when demand to inspect records is sufficient.* Where the answer to a petition for a writ of mandamus by a shareholder to compel inspection of the books of the corporation admits a general demand to inspect by the petitioner and asserts the right and intention of the respondents to ignore and refuse such demand, the demand is sufficient.

---

**Mary A. Felgar, Executrix, for use of H. H. Felgar, Plaintiff in Error, v. John L. Bolen, Defendant in Error.**

### Gen. No. 18,040.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed November 21, 1913.

---

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.