## Henry D. Laughlin, Appellee, v. Chicago Railway Equipment Company et al., Appellants.

### Gen. No. 18,940.

1. CORPORATIONS, § 178*—*when holder of old certificates of stock not deprived of right to inspect books.* The fact that a stockholder has not exchanged his certificates of stock for a new issue after the corporation has changed the par value of its stock pursuant to statute does not make him any less a stockholder so as to deprive him of the right to enforce the right of inspection of corporate books under the statute.

2. CORPORATIONS, § 179*—*when proof does not show unlawful purpose to inspect corporate books.* On petition by a stockholder for a writ of mandamus to compel the corporation and its officers to permit the petitioner to inspect the books of the company, a defense was interposed that the petitioner desired the information that might be obtained from examining the books for unlawful purposes. *Held*, that conceding such defense was available, the proof offered did not tend to prove an unlawful purpose and that the court properly rejected such evidence.

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed February 3, 1914.

*Certiorari* denied by Supreme Court (making opinion final).

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

MUSGRAVE, OPPENHEIM & LEE, for appellants.

DEFREES, BUCKINGHAM, RITTER & EATON and RAN-DOLPH LAUGHLIN, for appellee; GEORGE T. BUCKING-HAM, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

This appeal is from a judgment awarding a writ of mandamus to appellee, as a stockholder of appellant Company, directing said Company and its officers to permit appellee to examine its records and books of account. The defense to the petition is based on two grounds: (1) That appellee Laughlin was not a stockholder of record; and (2) that he desired the information that might be obtained by such examination for improper and unlawful purposes.

Prior to Laughlin's demand as a stockholder for permission to make such inspection, the corporation, pursuant to statute, changed the par value of its shares of stock from ten dollars to one hundred dollars each, and Laughlin had not surrendered his original certificates for new ones. It is contended, therefore, for that reason he is not registered as a stockholder on the books of the Company, and, therefore, not entitled to enforce the right of inspection under the statute. We are cited to the case of *In re Reiss,* 30 Misc. (N. Y.) 234, where the writ was denied because the stock book of the company did not show the petitioner to be a stockholder; but the decision was based on certain provisions of the New York statutes not contained in ours. But in our judgment the fact that Laughlin had not exchanged his certificates of stock for the new issue did not make him any less a stockholder of the corporation.

The other defense is based upon allegations in the answer setting forth a line of conduct on the part of Laughlin, indicating persistent and active hostility to the corporation and its interests. The court reject-

ed the offer of evidence in support of such allegations and the ruling is assigned as error. The contention of appellants is that the facts offered to be proved tend to show that Laughlin intended to make an unlawful use of the information he might acquire from an inspection, which, if obtained in any other way, a court of equity would enjoin him from using,. and that as the issuance of the writ is within the sound discretion of the court it would not award it where it appears to be sought for such an unlawful purpose. The question really presented is whether there was error in rejecting such offer. If there was, then it should appear that the evidence so offered was of such a character as would properly appeal to the exercise of a sound discretion by the court in granting or refusing the writ.

While it is conceded that the right of a stockholder under our statute to an examination and inspection of the books and records of a corporation is generally an absolute one, yet counsel for appellants contend that it is not unlimited, and cite the language in *Foster v. White,* 86 Ala. 467, approved by our Supreme Court in *Stone v. Kellogg,* 165 Ill. 192, that there is an implied limitation in the statute that the right "shall not be exercised from idle curiosity or for improper or unlawful purposes." (p. 205.) In the *Stone* case, *supra,.* a demurrer to the answer was sustained because there was nothing therein to show "that the object and purpose of the petitioner were not legitimate or were to injure the corporation." (p. 206.) The Court said: "It is no sufficient answer to such a petition to impugn the motives of the petitioner." (Id.) Later in the case of *Venner v. Chicago City Ry. Co.,* 246 Ill. 170, the Court, referring to the right given by the statute as an absolute and unlimited one, said: "It is no defense under a statute granting the absolute right to inspection to allege improper purposes or that the petitioner desires the information for the purpose of injuring the business of the corporation. A clear legal

right given by a statute cannot be defeated by showing an improper motive." (p. 174.)

On appeal from a second trial of the *Venner* case, a branch of this court sustained a demurrer to the answer because, conceding for the purposes of the case, that the decisions in the *Venner* and *Stone* cases, *supra,* may be harmonized so as to recognize a distinction between a mere improper motive and an unlawful purpose on the part of the stockholder in seeking to enforce his right of inspection, yet no such unlawful purpose was alleged in the answer. *People ex rel. Venner v. Chicago City Ry. Co.,* 183 Ill. App. 283.

If we may assume that the right of inspection given by the statute is not absolute, yet we fail to find in the proof tendered by appellants anything that in our judgment constitutes "an unlawful purpose." It is intimated by appellants that Laughlin's purpose was to obtain "trade secrets" for the benefit of competing corporations in which he was interested, but we find nothing in the nature of the proof offered to warrant such an inference.

Appellants offered to prove in substance that in 1899 appellee sold the control of the stock in certain companies to said Equipment Company upon an agreement not to enter into competition with it for the following ten years; that thereafter he sought to injure said Company and its business by notifying the bank, in which it kept a deposit, not to pay its checks, by notifying railroads with which it was doing business and to which it was selling brake beams, that it had no right to manufacture and sell the same, and by threatening to declare and enforce the forfeiture of a lease necessary to its business, unless it paid the American Brake Beam Company from which it obtained such lease a certain amount of money; that by reason thereof the Equipment Company was compelled to seek and did obtain a permanent injunction against both appellee and said Brake Beam Company, enjoining them from competing with it in the brake beam business;

that to avoid the effect of such injunction, appellee organized another competitive company, and, to embarass appellant Company, sought to have its taxes increased, circulated false reports in regard to its management and financial standing, brought suits against it upon unfounded charges of mismanagement, in one of which he unsuccessfully sought the appointment of a receiver for it, and undervalued its stock and refused to sell his own at a greater valuation; and that the purpose of his attempt to gain access to the books of the Equipment Company was to injure it by giving the information gained therefrom to competing corporations controlled by appellee.

The only relevancy, proof of such matters could have, was to show the purpose for which appellee sought inspection. That purpose, however, is characterized in the offer as one to injure the corporation by giving the information he might thereby gain to competing corporations; but in what respect it was unlawful does not appear. The claim is that the Company's business would in some way be injured. But as stated in the *Venner* case, 246 Ill. 174, "it is no defense * * * that the petitioner desires the information for the purpose of injuring the business of the corporation." There is nothing in either the answer or offer from which it may be inferred that he desired to impart trade secrets, or that there were any such to impart. The most that can be said is that his purpose was to acquire information to be given a competing corporation from which it might in some way benefit. Assuming, therefore, for the purposes of this case, that the right to inspection under the statute is not so unlimited that the court will award a writ for its exercise where it appears to be sought for unlawful purposes, yet we are compelled to find that the court properly rejected the offered proof as not tending to show that the information sought by it was to be used for an unlawful purpose.

*Affirmed.*