ELECTRO-FORMATION, INC. *vs.* ERGON RESEARCH
LABORATORIES, INC.

Middlesex.   December 7, 8, 1932. — November 27, 1933.

Present: RUGG, C.J., CROSBY, FIELD, & LUMMUS, JJ.

*Contract,* Construction. *Corporation,* Stockholder's right to examine
records. *Mandamus.*

A tripartite contract in writing by two corporations and an individual
contained provisions respecting purchase by the first corporation of
capital stock of the second, employment of the individual by the second
corporation, and agreements by the individual "that all records of
research and development shall be at all times open to the inspection
of the said . . . [second corporation] and/or . . . [the first corpo-
ration], or to any person designated by either on its behalf to make
such examination with the right to make extracts therefrom, or to
copy completely the entire memoranda or records, . . . however,
with the provision that such knowledge shall remain secret inside of
said corporations." *Held,* that

(1) The quoted provisions imposed no obligation on the second
corporation to permit the first corporation, as a party to the contract,
to inspect its records, books of account, files of correspondence or other
writings, designs, plans, drawings, and models;

(2) Such contract did not require the granting of a petition· by the
first corporation, a stockholder of the second corporation, for a writ
of mandamus directing the second corporation to permit such ex-
amination.

A single justice of this court, upon the petition for a writ of mandamus
presented in the circumstances above described, ruled as a matter of
law that the petitioner had a right by the terms of the contract with
the respondent to enter upon the premises of the respondent and
make the examination sought, and ordered the writ to issue, adding:
"Except for said ruling the court would not have ordered the writ to
issue." The respondent alleged exceptions. The full court, having
determined that such ruling as to the contract was error, *held,* that

(1) The single justice, apart from· such ruling, had exercised his
discretion against the issuance of the writ;

(2) No abuse of judicial discretion was shown;

(3) The respondent's exceptions must be sustained.

A writ of mandamus issues, not as a matter of right, but only in the
exercise of sound judicial discretion.

The common law right of a stockholder to examine the books and records
of a corporation is not absolute; the rights of the corporation itself,
especially in the protection of trade secrets, and the interests of the
other stockholders, will· not be disregarded by the court in acting upon
an application for such an examination.

PETITION, filed in the Supreme Judicial Court for the county of Middlesex on September 26, 1932, for a writ of mandamus.

The petition was heard by *Pierce*, J. Material facts and rulings by the single justice are stated in the opinion. The writ was ordered issued. The respondent alleged exceptions.

*G. K. Richardson*, (*W. E. Bennett* with him,) for the respondent.

*S. R. Wrightington*, for the petitioner.

RUGG, C.J. This is a petition for a writ of mandamus to enable the petitioner, a stockholder in the respondent, to inspect its records, books of account, files of correspondence or other writings, designs, plans, drawings, and models. The single justice found these facts: The petitioner is the owner of preferred stock in the respondent corporation of an aggregate par value exceeding $150,000, being all the outstanding preferred stock, issued to the petitioner in return for money and property in excess of that amount transferred to the respondent for its organization and development. Aside from tangible property provided by the petitioner for the respondent, the principal assets of the latter consist of rights in and to inventions and discoveries of J. E. Lilienfeld. The value of the petitioner's stock depends largely upon the value of such inventions and discoveries. The petitioner made reasonable application to the respondent for the desired examination but was refused. In June, 1930, the petitioner, then known as The Amrad Corporation, the respondent, then known as Lilienfeld Research Corporation, and J. E. Lilienfeld entered into a contract in writing. That contract contains numerous recitals and provisions not here material. The terms now pertinent are in substance that the petitioner agreed to purchase preferred stock of the respondent at the rate of forty-one shares per month beginning on May 1, 1930, and continuing for five years with an option to terminate this agreement to purchase, that the respondent would employ Lilienfeld for five years at a stated salary and had the right to repurchase stock from the petitioner. The petitioner exercised its right to terminate its monthly purchases of stock in the respond-

ent on April 1, 1932. It was provided in paragraph III, 6, of the contract: "Lilienfeld further agrees that all records of research and development shall be at all times open to the inspection of the said Lilienfeld Research Corporation and/or Amrad, or to any person designated by either on its behalf to make such examination with the right to make extracts therefrom, or to copy completely the entire memoranda or records, (as to Amrad for the five year period of this agreement), however, with the provision that such knowledge shall remain secret inside of said corporations."

This is the only provision of the contract empowering the petitioner to examine records, designs and plans. This paragraph is not an agreement by the respondent. It imposes no obligation on the respondent to the petitioner. It creates no duty between them. It is an agreement by Lilienfeld alone. It is an engagement by him which runs to both the petitioner and the respondent. It does not purport to confer any right on the petitioner against the respondent. There is no obligation in the contract of this nature running from the respondent to the petitioner. It is apparent that this is no oversight because several paragraphs of the contract are covenants by Lilienfeld alone.

The single justice "ruled that as a matter of law the petitioner, by the terms of the contract with the respondent, has the right to enter upon the premises of the respondent and to inspect the same and to examine and make copies of or abstracts of any and all corporate records, books of accounts, files of correspondence or other writings, designs, plans, drawings or models in the possession or control of the defendant, and ordered the writ to issue as prayed for. Except for said ruling the Court would not have ordered the writ to issue." The ruling of law as to the interpretation of the contract was error. It is unnecessary to consider whether mandamus would lie to enforce such a contract even if it bound the respondent. See 38 C. J. 588, § 61, and cases collected.

The petitioner urges that it has established a right to relief as a stockholder in the respondent at common law, and without regard to the contract. It relies in this con-

nection upon *Varney* v. *Baker*, 194 Mass. 239, and *Andrews* v. *Mines Corp. Ltd.* 205 Mass. 121, where such rights of a stockholder to examine the books of the corporation are stated. A writ of mandamus issues not as a matter of right but only in the exercise of sound judicial discretion. *Blackwell* v. *Mayor of Boston*, 261 Mass. 58, 60, and cases collected. Plainly the single justice apart from his ruling of law exercised his discretion against the issuance of the writ. The common law right of a stockholder to examine the books of a corporation is not absolute but may be qualified. As was said in *Klotz* v. *Pan-American Match Co.* 221 Mass. 38, 41, 42: "This common law right, however, is a qualified and not an absolute one; and further, the remedy in this Commonwealth is by mandamus, which is a discretionary writ. A stockholder ordinarily will be permitted to examine the books and accounts when he is seeking information as to the condition of the corporation in good faith and for the purpose of protecting his own rights or advancing the interests of the corporation. But the rights of the corporation itself, especially in the protection of trade secrets, and the interests of the other stockholders, will not be disregarded by the court in acting upon the application."

In the case at bar the granting of the writ would permit the petitioner to examine all the secret researches and results of skilled and technical investigations. The petitioner has no special rights in these properties. That would have a tendency to diminish the value of properties of this nature to other prospective customers of the respondent and would be to the disadvantage of other stockholders and of the corporation as a whole. Whatever rights the petitioner may have to examine books and property of the respondent if properly restricted so as not to work its detriment, the present petition and claim is too broad and seeks too much. As already pointed out, apart from the erroneous ruling of law to the effect that the writ ought to issue because of the contract, the trial justice exercised his discretion against issuing the writ. In this there was no abuse of judicial discretion.

*Exceptions sustained.*