318 So.2d 697

In re BANK OF HEFLIN

v.

M. M. MILES.

Ex parte M. M. MILES et al.

SC 1026.

Supreme Court of Alabama.

Aug. 21, 1975.

Rehearing Denied Sept. 18, 1975.

Rives, Peterson, Pettus, Conway & Burge and W. Eugene Rutledge, Birmingham, and Inzer, Suttle, Inzer and Pruett, Gadsden, for petitioners.

Steiner, Crum & Baker and M. R. Nachman, Jr., Montgomery, and John S. Casey, Heflin, for respondent.

· FAULKNER, Justice.

The questions for decision in the instant case are whether or not stockholders are entitled to examine all of the records of the Bank of Heflin when demand has been made as required, and whether or not the extraordinary writ of mandamus should issue in this case. We grant the writ.

M. M. Miles wrote two letters, dated 12 and 19 August, 1974, to the Bank of Heflin, requesting an unlimited inspection of the books and records of the Bank. The second letter alleged one or more proper purposes for an inspection: to ascertain

whether any action had been taken contrary to the best interests of the stockholders, such as misuse of corporate funds; abuse of corporate office; diversion of corporate assets to the personal benefit of any officer, director, employee, or stockholder; misapplication of corporate assets, or favoring of certain customers of the Bank because of personal connections with officers or directors of the Bank; and to determine whether the directors have lived up to their fiduciary obligation to the stockholders.

Uncertain of the propriety of disclosing all of its records, the Bank filed a complaint for declaratory judgment, asking the circuit court to determine what records the defendant, Miles, was entitled to under Title 10, § 21(46). Similar letters were received from Mr. and Mrs. Jack R. Wood, also stockholders of the Bank. They were added as defendants. Miles and the Woods counterclaimed for the statutory penalty of 10% of the value of the shares they owned. All parties filed motions for summary judgment, along with numerous affidavits and depositions. No oral testimony was taken before the court.

On October 23, Judge Parker granted summary judgment for the complainant and issued his orders in the case. He found that proper notice had been given and one or more proper purposes alleged; that the filing of suit by the Bank was not a "refusal" to allow inspection of its records; that the directors have a fiduciary duty to the stockholders and customers and that because of the confidential relationship between the Bank and its customers, the stockholders' right to examine the Bank's records was limited. Judge Parker appointed a master to examine the Bank's records so that the stockholders could get a full and adequate review of the Bank's business without bringing about an unnecessary invasion of the private, confidential relationship between the Bank and its customers. He said that upon receipt of the master's report, he would set the time and place for review of the books and records of account, minutes, and record of stockholders and whatever else was deemed proper.

The defendants, Miles and the Woods, then petitioned for an alternative writ of mandamus or a rule nisi. The rule nisi was issued on November 13. The case is here for decision on the writ of mandamus.

The petitioners assert that they have, since they have made a proper demand alleging a proper purpose, a right of access to any and all records and writings of any kind or nature relating to the Bank of Heflin. They also contend that mandamus in this case is a proper method of reviewing the orders issued by the trial judge. They contend that mandamus is required, since an appeal would be inadequate; that the books and records of the Bank would change with time and could never be reconstructed to their present state. To review the appointment of a master and to expedite the disposition of the case, mandamus is the proper proceeding.

The position of the Bank in the initial controversy, and its position at the current stage, is that it has a duty to its customers not to disclose certain confidential memoranda, individual files, and materials from which the books and records of the account are prepared. This duty exists because of the Bank's fiduciary relationship with its customers and because of the strictures imposed on it by the banking laws and regulations. Stockholders can examine certain records if they have a "proper purpose;" certain others can never be viewed by the stockholders. The Bank is unsure which records should be disclosed; for this reason it argues that the trial court properly used its powers in appointing a master to ascertain which records the stockholders have a right to examine. It approves the action of the trial court judge and asserts that review of his action should be by appeal.

In addition to common law inspection rights, stockholders now have rights under statutes. Alabama's statute, Title 10, §

21(46), is based largely on the ABA–ALI Modern Business Corporation Act, § 52, which enlarged and extended the common law right. Numerous cases in Alabama have upheld the shareholders' inspection rights based on the common law and statutes. *Alabama Gas Corp. v. Morrow*, 265 Ala. 604, 93 So.2d 515 (1957); *Loveman v. Tutwiler Inv. Co.*, 240 Ala. 424, 199 So. 854 (1941); *Burns v. Drennen*, 220 Ala. 404, 125 So. 667 (1930); *Birmingham News v. State ex rel. Dunston*, 207 Ala. 440, 93 So. 25 (1921); *Foster v. White*, 86 Ala. 467, 6 So. 88 (1889).

In *Birmingham News*, while interpreting the Code of Alabama 1907, § 3477, the precursor to Title 10, § 21(46), this court held that the statutory inspection right in Alabama was equally inclusive with the common law right. And, at common law the inspection right covered all the books and records of the corporation, including corporate documents, contracts and papers, but not including secret researches and the results of skilled and technical investigations. Cf. *Otis-Hidden Co. v. Scheirich*, 187 Ky. 423, 219 S.W. 191 (1920); *Electro-Formation v. Ergon Research Laboratories*, 284 Mass. 392, 187 N.E. 827 (1933).

■ The only express limitation of our statutory right of inspection is that it must be exercised at reasonable and proper times; an implied limitation is that it must not be exercised from idle curiosity, or for improper or unlawful purposes. *Smith v. Flynn*, 275 Ala. 392, 155 So.2d 497 (1963). In all other respects the statutory right is absolute. The purpose of the statute, like that of the common law right, is to protect small and minority shareholders against the mismanagement and faithlessness of their agents and officers, by furnishing the mode and opportunity to ascertain, establish, and maintain their rights.

■■ What inspection can be made by a stockholder of a bank? One that is for a proper purpose and does not interfere with the bank's conduct of its business. The inspection rights of stockholders of a bank are the same as stockholders of a corporation generally.

A case similar to the one at hand is *Cooke v. Outland*, 265 N.C. 601, 144 S.E.2d 835 (1965). There, a North Carolina statute, G.S., § 55–38, similar to the Alabama provision, Title 10, § 21(46), was construed to apply to domestic bank corporations and to authorize an inspection of the bank's books and records by a shareholder for the purpose of determining the value of his stock, the financial condition of the bank, and the efficiency of the bank's management. Subsequently, the North Carolina legislature modified the law to restrict the inspection, but permitted it for "good cause shown." Good cause can be found in this case.

■ The Bank asserts that mandamus will not lie in the absence of a prior application to the court below to set aside the order complained of. Citing *Wood v. City of Birmingham*, 247 Ala. 15, 22 So.2d 331 (1945); *Ex parte Edwards*, 123 Ala. 102, 26 So. 643 (1899); and *Ex Parte Bozeman*, 213 Ala. 223, 104 So. 402 (1925).

It would be a futile gesture for Miles and Woods to file a petition to set aside the court's order. The trial judge says he ordered the appointment of a master because he did not know what records were kept by the Bank of Heflin; that he must have some knowledge of the number and description of the records kept by the Bank.

This court in ordering that the rule nisi be issued to the trial judge, ordered him to enter an order allowing examination and audit of *all books and records* of the Bank, or show cause why he should not.

■■ The trial judge answered in brief that the remedy here is appeal, and mandamus is no substitute for appeal. In this case we are of the opinion appeal is not an adequate remedy. Here the right of inspection of the Bank's records is a clear legal right. And, where the right sought

to be enforced is a clear legal right, the allowance of which is a matter of peremptory duty, and not of judicial discretion, there can be but little doubt or difficulty in determining the propriety of the remedy by mandamus. *Ex Parte Watters*, 180 Ala. 523, 61 So. 904 (1913). The test for issuing mandamus depends on whether remedy by appealing is adequate to prevent undue injury. *Ex Parte Weissinger*, 247 Ala. 113, 22 So.2d 510 (1945). If these parties have to wait for a master's report, and then appeal, it may be impossible to ascertain the state of the records at the time of the alleged wrong done them. Thus, they would suffer undue injury.

It is obvious that certain activities of the Bank are not reflected in the ledger of official action. The principles of equity, fair dealing, and good faith give the stockholders the right to know how the affairs of the Bank are conducted, and whether the capital, a part of which they contributed, is being prudently and profitably employed. The petitioners do not want to ramble through the books and records; they want merely an inspection by their accountants.

The right to inspect was a broad right at common law; Alabama has codified the common law, with slight exceptions. Banks are to be regarded as corporations under the Alabama statute. The applicable statute is not limited to "relevant" books and records; it is to be liberally construed. The shareholders advanced a proper purpose for inspection; their request was not overly broad, as it tracked the language of the statute. Hostility on the shareholders' part toward the officers of the Bank will not defeat their request; neither will the fact of mere confidentiality of the books and records sought. The inspection by the petitioners will not unnecessarily interfere with the Bank's conduct of business.

The writ is due to be granted.

HEFLIN, C. J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.