ROBERTSON, Presiding Judge.
J. M. Hillman appeals from a judgment of the Jefferson County Circuit Court on his counterclaim against Douglas Engineering Company, Inc. (hereinafter “DEC”). As to the counterclaim, that judgment awarded him $18.45 for his 15 shares of stock in DEC and assessed a statutory penalty of 10% of that amount against DEC on the basis that it had failed or refused to allow Hillman to inspect its corporate records; it afforded Hillman no further relief. We affirm in part, reverse in part, and remand.
In 1992, appellee DEC initiated a civil action against Doris M. Reel; H. Vann Grav-lee; PRe, Inc.; and a fictitiously named defendant, alleging that the defendants had misappropriated DEC’s business opportunities to its detriment. Hillman was substituted for the fictitious party in 1993.
After Hillman was added as a defendant, he counterclaimed against DEC, alleging that he held more than 5 per cent of the stock of DEC. Hillman sought, among other things, inspection of DEC’s books and records, tax returns, and financial data, under the Alabama Business Corporation Act. DEC thereafter amended its complaint, alleging that Hillman had failed to comply with a restrictive endorsement upon his stock certificate. That restriction required Hillman, upon his resignation from DEC’s employment, to offer to sell his shares back to DEC at a price based upon the proportion of his stock to DEC’s total “book value,” defined as DEC’s capital and surplus undivided profits minus any reserves and bad debts. Hillman denied having any knowledge of the existence of such a restrictive endorsement having been affixed to his stock certificate, and he alleged that his stock certificate had “disappeared from his desk.” Later, in a trial brief, Hillman argued that the stock certificate containing the restrictive endorsement was invalid because it was not signed by two officers of the company, as was required in 1984 (the year of their issue) by § 10-2A-40(a), Ala.Code 1975.
The trial court conducted a nonjury trial on September 4, 1996, and October 16, 1996, receiving various evidentiary exhibits of record as well as testimony that has not been *158 transcribed and made a part of the record on appeal. On November 25, 1996, the trial court entered a judgment, finding for Hill-man on DEC’s claims of misappropriation of corporate opportunities. With respect to the disputed DEC stock, as well as Hillman’s inspection rights, the trial court found that the certificate representing Hillman’s shares of stock was not void even though it was signed by only one officer of DEC, and that the restrictive endorsements on the stock certificate were valid and enforceable. However, the trial court reserved ruling until January 31, 1997, on Hillman’s claim for wrongful withholding of corporate records and on the value of Hillman’s stock, and directed DEC to produce its books, papers, records of account, minutes, and records of shareholders to Hillman within 30 days in an effort to determine the value of his stock at the time of his resignation in 1992; this deadline was later extended to January 17, 1997. Hillman’s motion to alter, amend, or vacate the November 25,1996, judgment was denied by the trial court.
On January 28, 1997, Hillman moved for enforcement of the portions of the November 25, 1996, judgment requiring DEC to allow inspection of its corporate records, contending that he had not. been allowed to inspect these records personally and that in response to the trial court’s judgment DEC had provided only computer printouts of income and expenses, its corporate by-laws, and certain corporate minutes. Hillman sought sanctions for DEC’s alleged failure to comply with the November 25, 1996, judgment, as well as a continuance of the hearing set to determine the value of Hillman’s stock. DEC filed a response in opposition to this motion, principally alleging that counsel for Hillman had orally agreed to accept the documents provided on January 17, 1997, as DEC’s compliance with the November 25, 1996, judgment.
On January 31, 1997, after a hearing, the trial court entered an order denying Hill-man’s motion for enforcement and sanctions; in its order, the trial court also found that the value of Hillman’s 15 shares of DEC stock was $18.45, or $1.23 per share, and that Hillman was entitled to the value of his stock plus a 10 per cent penalty because of DEC’s failure to allow inspection of its books and records by Hillman. See Ala.Code 1975, § 10-2A-79(c) (repealed). The trial court entered a judgment in favor of Hillman for $20.30, and subsequently dismissed all claims against Reel, Gravlee, and PRe, Inc., with prejudice.
Hillman raises two issues on appeal. First, Hillman contends that the trial court erred in holding that the restrictive endorsement on his stock certificate was valid notwithstanding the absence from the certificate of the signatures of two officers as required by § 10-2A-40(a), Ala.Code 1975 (repealed). Second, Hillman contends that the trial court improperly denied his right to inspect DEC’s corporate records for the purpose of determining the value of his stock.
At the time of DEC’s incorporation in 1984, and at the time Hillman’s stock certificate was issued in 1985, the Alabama Business Corporation Act provided as follows, in pertinent part:
“The shares of a corporation shall be represented by certificates signed by the chairman of the board, president, an executive vice president, a vice president, or the treasurer and by the secretary, an assistant vice president, an assistant secretary, or an assistant treasurer, and may be sealed with the seal of the corporation or a facsimile thereof.”
Ala.Code 1975, § 10-2A-40(a) (repealed).
The certificate of stock issued in the name of DEC to Hillman bears the signature of Barbara A. Douglas, who was DEC’s secretary during the year following its incorporation (although her capacity is not noted on the certificate). However, no other signature appears on the face of Hillman’s stock certificate, and the above-quoted statutory language does not contain any exceptions to its mandate that a stock certificate be signed by either the chairman of the board, the president, an executive vice president, a vice president, or the treasurer of the issuing corporation. It follows that Hillman’s stock certificate was not issued in accordance with the applicable requirements of § 10-2A — 40(a). Thus, this court must determine the effect of such an omission upon the validity of the *159 certificate, for both the requirement that Hillman offer to resell his stock to DEC and the formula for calculating the price at which he must offer to resell his stock are derived from the certificate itself.
Hillman has not directed this court to any caselaw or to any provision in the Alabama Business Corporation Act or its commentary declaring or suggesting that a stock certificate lacking a required signature is void. The prevailing view in American corporate law is that a corporation’s failure to observe all required statutory formalities in issuing a certificate of stock to one of its stockholders does not alone invalidate such a certificate. For example, while the leading treatise on corporations law recognizes that “[i]t is not uncommon for the statutes to prescribe the general form and contents of share certificates,” see 11 Timothy P. Bjur & James Solheim, Fletcher Cyclopedia of the Law of Private Corporations § 5163 (1995), and that “[s]ome codes specify the officers whose signatures must appear on the certificate,” see id. at § 5163.50, the same treatise also notes that “[flailure to comply with statutory requirements does not, however, necessarily invalidate the certificates.” Id. at § 5163. To give an analogous example, “[o]mission of the corporate seal from a certificate, which is otherwise in proper form and signed by the proper officers, does not render it invalid.” Id. Indeed, “[a] statute requiring share certificates to be signed by the president or a vice-president, does not require a signature as a condition precedent to the issuance of such shares; rather, it provides the owner of such stock a right to demand that the corporation provide the signatures omitted from the certificates.” 18A Am.Jur.2d Corporations § 488 (1985) (citing Estate of Bridges v. Mosebrook, 662 S.W.2d 116 (Tex.Ct.App.1983), writ refused (Tex. 1984)). In light of this authority, we cannot conclude that the trial court erred in concluding that Hillman’s DEC stock certificate was valid despite the corporation’s failure to observe the formalities set forth in § 10-2A — 40(a) with respect to such certificates. We thus affirm this aspect of the trial court’s judgment.
Hillman’s second contention is that the trial court erroneously failed to allow him to examine DEC’s corporate records. Importantly, Hillman relies upon his common law and statutory rights of inspection in his role as a stockholder of DEC, and not upon any procedural rights, as a component of pretrial discovery, that he may have os a litigant to production and examination of DEC’S records. These two sets of rights are fundamentally different, and the powers of a trial court to limit examination of corporate records are correspondingly different. While “[t]he Alabama Rules of Civil Procedure vest broad discretion in the trial court to control the discovery process,” Ex parte Sargent Indus., Inc., 466 So.2d 961, 962 (Ala.1985), the Alabama Supreme Court has held that a stockholder’s rights of examination, both at common law and under the Alabama Business Corporation Act, are much more expansive:
“The only express limitation of our statutory right of inspection is that it must be exercised at reasonable and proper times; an implied limitation is that it must not be exercised from idle curiosity, or for improper or unlawful purposes. In all other respects the statutory right is absolute. The purpose of the statute, like that of the common law right, is to protect small and minority shareholders against the mismanagement and faithlessness of their agents and officers, by furnishing the mode and opportunity to ascertain, establish, and maintain their rights.”
Ex parte Miles, 294 Ala. 462, 466, 318 So.2d 697, 700 (1975) (emphasis added; citation omitted).
While DEC does not challenge the trial court’s imposition of the maximum 10 per cent penalty set forth in § 10-2A-79(c), Ala.Code 1975 (repealed), for a corporation’s refusal without reasonable cause to allow a shareholder to inspect its records, it contends that “[t]his award was certainly all that Hill-man was entitled to,” and that it complied with its obligation to allow inspection by Hill-man by providing his counsel with copies of certain corporate documents. The trial court’s judgment, which assessed such a 10 per cent penalty based upon its implicit finding that DEC had unjustifiably refused inspection of its records, but which denied *160 Hillman any further relief, indicates the trial court’s apparent agreement with these positions.
However, the commentary to former § 10-2A-79 makes it clear that the 10 per cent penalty “is not an exclusive remedy,” and subsection (d) of that Code section specifically provides that “[njothing herein contained shall impair or restrict the power of any court of competent jurisdiction ... to compel the production for examination ... of the books, papers, records of account, [and] minutes ... of a corporation.” Moreover, we note that while DEC has apparently provided Hillman with certain excerpts from its records, at no time since Hillman filed his counterclaim seeking inspection has he ever been afforded the opportunity to exercise the very right upon which he relies and which the 10 per cent penalty set forth in § 10-2A-79(c) and imposed by the trial court was designed to protect — his right as a holder of record- of corporate shares “to examine, in 'person, or by agent or attorney ... all of its books, papers, records of account, minutes and record of shareholders and holders of voting trust certificates and to make copies thereof or extracts therefrom.” Ala.Code 1975, § 10-2A-79(b) (emphasis added). Hillman has sought this relief, among other reasons, for the legitimate purpose of establishing the value of his stock, a matter that DEC itself first placed explicitly in issue by requesting that the trial court order Hillman to comply with the endorsement on Hillman’s stock certificate requiring him to offer to resell his stock to DEC at a price based upon a fraction of DEC’s book value.
We thus cannot agree with DEC’s contention that Hillman has received all of the relief under § 10-2A-79(b) to which he is entitled, and we must reverse this portion of the trial court’s judgment and remand the case to the trial court with instructions to permit Hill-man to exercise his right to examine, in person or by agent, all of DEC’s books, papers, records of account, minutes, and record of shareholders and holders of voting trust certificates and to make copies thereof or extracts therefrom.
Moreover, we note that the Alabama Business Corporation Act was recently amended so as to mandate an award of costs, including reasonable counsel fees, to a shareholder who obtains a court order compelling inspection and copying of corporate records, “unless the corporation proves that it refused inspection in good faith because it had a reasonable basis for doubt about the right of the shareholder to inspect the records demanded.” See Ala.Code 1975, § 10-2B-16.04(e). Although Hillman’s counterclaim, which requested judicial enforcement of his right to inspect DEC’s records, was filed before this statute’s effective date of January 1, 1995, we nevertheless conclude that this statute applies here because of its remedial nature. As our supreme court stated in Street v. City of Anniston, 381 So.2d 26, 29 (Ala.1980), “[r]emedial statutes or those relating to remedies or modes of procedure, which do not create new rights or take away vested ones, are not within the legal conception of retrospective laws ... and do operate retrospectively, in the absence of language clearly showing a contrary intention.” We perceive no language in § 10-2B-16.04(c) (or in Act No. 94r-245,1994 Ala. Acts, its legislative progenitor) that clearly indicates an intent to limit the availability of the supplemental remedies set forth therein for denial of stockholder inspection rights to proceedings brought after January 1, 1995. On remand, the trial court is instructed to apply § 10-2B-16.04(c) to Hillman’s claim for inspection against DEC, and to award costs as set forth therein unless DEC meets its burden of proving a reasonable basis for doubt about Hillman’s inspection rights.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.